**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **CHRISTIE DAVIS**, | Case No. 3:18-cv-0592-SI |
| Plaintiff, | ORDER |
| v. | |
| **OCWEN, *et al.*,** | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Christie Davis brings this action *pro se* against Defendants Ocwen *et al*. Defendants move to dismiss the amended complaint. Plaintiff also moves for summary judgment. For the following reasons, Plaintiff's motion for summary judgment is DENIED and Defendants' motion to dismiss is GRANTED.

**A. Legal Standards**

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'"

*Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-79. The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Pursuant to the *Rooker-Feldman*[1] doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of that doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*; *see* 28 U.S.C. § 1257.

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. This rule also applies to constitutional claims under Section 1983. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001). A claim also is "inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation marks omitted).

*Rooker-Feldman* bars a suit from going forward if: (a) the plaintiff in the federal suit lost in the state court proceeding; (b) the state court determination is at the core of the federal lawsuit; (c) the federal lawsuit seeks review and rejection of the state court verdict; and (d) the

---

[1] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

state court judgment was entered before commencement of the federal action. *McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007).

*Rooker-Feldman*, however, does not bar a federal suit to set aside a state court judgment if that judgment was obtained by extrinsic fraud. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004). Fraud on a court is "not an error by that court," but instead is "a wrongful act committed by the party or parties who engaged in the fraud." *Id.* "*Rooker-Feldman* therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.* If the parties raised the issue of fraud before the state court, however, and the state court made a determination that there was no fraud, then *Rooker-Feldman* does apply. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008).

When an issue has already been litigated in court, future litigants are barred from bringing those same challenges again under the doctrine of collateral estoppel. *See Parklane Hosiery Co., v. Shore*, 439 U.S. 322, 328 (1979). For issue preclusion (also known as collateral estoppel) to apply, three factors must be considered:

> (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated [by the party against whom preclusion is asserted] in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996) (quoting *Town of North Booneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993)).

## B. Discussion

In April 2006, Plaintiff signed a mortgage for her family home in Damascus, Oregon. In 2010, she refinanced the loan and subsequently defaulted on the loan. A judicial foreclosure

proceeding ensued and Plaintiff did not contest the foreclosure. In 2015, the Clackamas County

Circuit Court entered a general judgment in the foreclosure action. *See HSBC Bank USA NA v.*

*Christie Davis*, Case No. CV14120192 (Clackamas County Circuit Court August 2, 2014). A

foreclosure sale followed in 2017 and Plaintiff's home was sold. Plaintiff now brings this lawsuit

against Ocwen (her loan servicer), HSBC Bank USA, and a number of unnamed defendants.

Plaintiff filed an original complaint, followed by an amended complaint. Plaintiff's

claims can generally be categorized into groups. First, there are claims relating to the origination

of her home loan. Second, there are claims relating to the judicial foreclosure proceeding. Third,

there are miscellaneous claims unrelated to either the home loan or the foreclosure proceeding.

In total, Plaintiff brings 33 claims titled: fraudulent concealment, wrongful foreclosure,

extortion, blackmail, void sale of her family's home, abuse of process, conspiracy, unjust

enrichment, spoliation of evidence, fraud by deception, intentional infliction of emotional

distress, invasion of private property/ trespass, falsification of records, grand theft of real

property, deprivation of rights, conspiracy to defraud, harassment, substantive constitutional

rights including right to happiness/ home ownership, liberty to make familial decisions free from

oppression, liberty to have business relations based on the right to honest services, gender

discrimination under Title VII, right to be safe and protected in her family's home, the U.S.

Government is established to protect all citizens above the banking and mortgage industry,

fraudulent transfer of real property in the color of law, wire fraud at origination, statute of

limitations, no standing to foreclose, irreparable financial and emotional damages, falsification of

affidavit under oath, negligence, defamation of character, and conspiracy to criminalize her in

order to take her family home. Plaintiff's claims, even when liberally construed, do not contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a). Plaintiff's Amended Complaint spans 26 single-spaced pages and details the

allegedly wrong and unconstitutional actions taken by Ocwen, Plaintiff's union, Plaintiff's

neighbors, the Oregon Humane Society, and many other individuals.

Many of Plaintiff's claims seek to challenge the state court judgment in the judicial

foreclosure action, and thus are barred by the *Rooker-Feldman* Doctrine. Plaintiff asks this court

to void the judicial foreclosure and rescind and expunge the judicial foreclosure from Clackamas

County Court records. *See HSBC Bank USA NA*, No. CV14120192. Under the circumstances of

this case, that is not appropriate relief for this court to order. *Noel*, 341 F.3d at 1155. Plaintiff's

claims stemming from her allegations of wrongful foreclosure are inextricably intertwined with

the state court judgment and thus this court is barred from considering them. *Cooper*, 704 F.3d

at 779.

Plaintiff alleges that the state judicial foreclosure was obtained through fraud on the

court, which would place her claims within the fraud exception to the *Rooker-Feldman* Doctrine.

But Plaintiff has not alleged facts that make her fraud theory plausible. She alleges that the

federal district court in a 2010 case ordered the mortgage expunged from Clackamas County

records. Because the judicial foreclosure was obtained on a mortgage that had been expunged by

a federal court, she asserts that it was obtained through fraud. But the federal district court in the

2010 litigation never ordered Clackamas County to expunge the mortgage from its records. *See*

*Davis v. People's Choice Home Lending, Inc. et al.* (*Davis I*), 2011 WL 1750342 at *10 (D. Or.

Feb. 4, 2011); *Davis v. People's Choice Home Lending, Inc. et al.* (*Davis II*), 2011 WL 1743266

at *1 (D. Or. May 6, 2011) (adopting Findings and Recommendation in *Davis I*). Thus,

Plaintiff's theory of fraud in the judicial foreclosure, as alleged in her complaint, is implausible.

Plaintiff makes several allegations stemming from the origination of her loan, alleging that a loan agent "tricked" her into refinancing her family home in 2010 through fraud and deceit. Those claims were the focal point of Plaintiff's previous lawsuit in federal court, *see Davis I*, 2011 WL 1750342 at *5; *Davis II*, 2011 WL 1743266 at *1 (adopting Findings and Recommendation in *Davis I*), and thus are barred by claim preclusion. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The issue of fraud or deceit in the loan origination is identical to the issue in the previous litigation, was actually litigated, and was decided in the earlier action. *See Davis I*, 2011 WL 1750342 at *5; *Davis II*, 2011 WL 1743266 at *1 (adopting Findings and recommendation in *Davis I*).

The Court has reviewed Plaintiff's remaining claims and finds them to be without merit. These include claims for abuse of process, harassment, conspiracy, falsification of affidavit under oath, Title VII of the Civil Rights Act of 1964, intentional infliction of emotional distress, negligence, and other claims that appear not to stem from either the origination of the loan or the judicial foreclosure. Furthermore, the remaining claims allege wrongs committed by many individuals who are not named as defendants in this action. The multitude of claims and factual allegations in the Amended Complaint has made it nearly impossible for Defendants (and the Court) to identify the basis for each claim, or for Defendants to formulate a response. The Amended Complaint does not "give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. Thus, the Amended Complaint lacks sufficient factual allegations to state a facially plausible claim for relief.

## CONCLUSION

Defendant's motion to dismiss (ECF 38) is GRANTED. Plaintiff's motion for summary judgment (ECF 21) is DENIED. Plaintiff's claims barred by issue preclusion are dismissed WITH PREJUDICE. Plaintiff's claims barred by the *Rooker-Feldman* Doctrine are dismissed

WITHOUT PREJUDICE but may not be refiled in federal court—if refiled, they may only be filed in state court. Plaintiff's remaining claims not barred by either the *Rooker-Feldman* Doctrine or claim preclusion are dismissed **WITHOUT PREJUDICE**. As such, Plaintiff will be permitted to file an amended complaint within two weeks of the date of this order, should she choose to do so. *See Garity*, 828 F.3d at 854. Plaintiff should limit the allegations in any second amended complaint to the named defendants and their allegedly wrongful actions only, and should refrain from discussing the actions of neighbors, unions, or the Oregon Humane Society unless they are named as additional defendants in the second amended complaint. If no second amended complaint is filed by October 18, 2018, the court will enter judgment.

**IT IS SO ORDERED.**

DATED this 1st day of October, 2018.


/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge