# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

CHRISTIE DAVIS,

        Plaintiff,

    v.

OCWEN, *et al.*,

        Defendants.

Case No. 3:18-cv-0592-SI

ORDER

**Michael H. Simon, District Judge.**

Plaintiff, in her Second Amended Complaint, asserts claims against Defendants Ocwen, HSBC Bank USA (whom she asserts is owned by Ocwen), as well as additional John and Jane Doe defendants, two defendants named Vaillancourt, G & T, and miscellaneous Vaillancourt defendants. For the reasons stated below, Plaintiff's claims against Ocwen and HSBC Bank, USA, are dismissed with prejudice and Plaintiff's claims against Vaillancourt, G & T are dismissed without prejudice.

## LEGAL STANDARDS

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "'Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original)

(quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678-79. The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Pursuant to the *Rooker-Feldman*[1] doctrine, federal courts lack jurisdiction to hear cases that amount to collateral attacks on state court judgments. The basic premise of that doctrine is that "a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court." *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Instead, the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts. *Id.*; *see* 28 U.S.C. § 1257.

The scope of the *Rooker-Feldman* doctrine includes *de facto* appeals from a state court decision and "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158. This rule also applies to constitutional claims under Section 1983. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986). A claim is inextricably intertwined with a state court judgment if the federal claim can succeed only to the extent that the state court wrongly decided the issues before it. *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001). A claim also is "inextricably intertwined where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos*, 704 F.3d 772, 779 (9th Cir. 2012) (quotation marks omitted).

*Rooker-Feldman* bars a suit from going forward if: (a) the plaintiff in the federal suit lost in the state court proceeding; (b) the state court determination is at the core of the federal lawsuit; (c) the federal lawsuit seeks review and rejection of the state court verdict; and (d) the state court judgment was entered before commencement of the federal action. *McKithen v. Brown*, 481 F.3d 89, 97 (2nd Cir. 2007).

---

[1] The *Rooker-Feldman* doctrine takes its name from *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Rooker-Feldman*, however, does not bar a federal suit to set aside a state court judgment

if that judgment was obtained by extrinsic fraud. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141

(9th Cir. 2004). Fraud on a court is "not an error by that court," but instead is "a wrongful act

committed by the party or parties who engaged in the fraud." *Id.* "*Rooker-Feldman* therefore

does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for

extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that

fraud." *Id.* If the parties raised the issue of fraud before the state court, however, and the state

court made a determination that there was no fraud, then *Rooker-Feldman* does apply. *Reusser v.*

*Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008).

When an issue has already been litigated in court, future litigants are barred from

bringing those same challenges again under the doctrine of collateral estoppel. *See Parklane*

*Hosiery Co., v. Shore*, 439 U.S. 322, 328 (1979). For issue preclusion (also known as collateral

estoppel) to apply, three factors must be considered:

> (1) the issue at stake must be identical to the one alleged in the
> prior litigation; (2) the issue must have been actually litigated [by
> the party against whom preclusion is asserted] in the prior
> litigation; and (3) the determination of the issue in the prior
> litigation must have been a critical and necessary part of the
> judgment in the earlier action.

*Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996) (quoting *Town of North Booneville v.*

*Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993)).

## DISCUSSION

In her Second Amended Complaint, Plaintiff brings claims for:

> Fraudulent Concealment, wrongful Foreclosure, Extortion,
> Blackmail, VOID SALE of my Family's Home, Abuse of Process,
> Conspiracy, Unjust Enrichment, Spoliation of Evidence, Fraud by
> Deception, Intentional Infliction of Emotional Distress, Invasion of
> Private Property / Trespass, Falsification of Records, Grand Theft
> of Real Property, Deprivation of Rights, Conspiracy to Defraud,

Harassment, Multiple Violations of Substantive U.S. Constitutional Rights- Including b[ut] not limited to Happiness / Home Ownership, Liberty to make Familial decisions free of Oppression, and Liberty to have business relations based on the Right to Honest Services, Gender Discrimination Title VII, The Right to be Safe and Protected in my Family's Home- The U.S. Government IS ESTABLISHED TO PROTECT ALL U.S. CITIZENS- above the banking and mortgage industry, Fraudulent Transfer of Real Property in the Color of Law, wire fraud- at origination, Statute of Limitations, NO STANDING to Foreclose, Irreparable financial and emotional damages. Falsification of Affidavit under Oath, Negligence, Defamation of Character, Conspiracy to Criminalize me in order to take my family's home-, Obstruction of Justice.

ECF 56 at 1. Plaintiff raises several additional claims in the text of her complaint.

## A. Claims against HSBC and Ocwen

Defendants HSBC and Ocwen filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds of res judicata, claim preclusion, the *Rooker-Feldman* doctrine, and for failure to state a claim. As this Court explained in its previous order on Plaintiff's First Amended Complaint,

Many of Plaintiff's claims seek to challenge the state court judgment in the judicial foreclosure action, and thus are barred by the *Rooker-Feldman* Doctrine. Plaintiff asks this court to void the judicial foreclosure and rescind and expunge the judicial foreclosure from Clackamas County Court records. *See HSBC Bank USA NA*, No. CV14120192. Under the circumstances of this case, that is not appropriate relief for this court to order. *Noel*, 341 F.3d at 1155. Plaintiff's claims stemming from her allegations of wrongful foreclosure are inextricably intertwined with the state court judgment and thus this court is barred from considering them. *Cooper*, 704 F.3d at 779.

Plaintiff alleges that the state judicial foreclosure was obtained through fraud on the court, which would place her claims within the fraud exception to the *Rooker-Feldman* Doctrine. But Plaintiff has not alleged facts that make her fraud theory plausible. She alleges that the federal district court in a 2010 case ordered the mortgage expunged from Clackamas County records. Because the judicial foreclosure was obtained on a mortgage that had been expunged by a federal court, she asserts that it was obtained

> through fraud. But the federal district court in the 2010 litigation
> never ordered Clackamas County to expunge the mortgage from its
> records. *See Davis v. People's Choice Home Lending, Inc. et al.*
> (*Davis I*), 2011 WL 1750342 at *10 (D. Or. Feb. 4, 2011); *Davis v.*
> *People's Choice Home Lending, Inc. et al.* (*Davis II*), 2011 WL
> 1743266 at *1 (D. Or. May 6, 2011) (adopting Findings and
> Recommendation in *Davis I*). Thus, Plaintiff's theory of fraud in
> the judicial foreclosure, as alleged in her complaint, is implausible.

ECF 46 at 6. Furthermore, the Court has reviewed the materials submitted by HSBC and Ocwen and notes that an order of default was entered against Plaintiff in the judicial foreclosure on June 4, 2015 and Plaintiff was informed of this order directly by the court through a letter on October 17, 2017. The Court previously dismissed all of Plaintiff's claims against HSBC and Ocwen on the grounds of the *Rooker-Feldman* doctrine or claim preclusion. Plaintiff alleges no new facts in support of her claims against HSBC and Ocwen and continues to assert that Judge Papak in the 2010 case expunged her loan documents from the Clackamas County records, an assertion that is neither possible nor based on any record evidence. Plaintiff's claims against HSBC and Ocwen are dismissed with prejudice.

## B. Obstruction of Justice

Plaintiff brings claims for obstruction of justice against "Multiple State of Oregon Government entities, and possibly U.S. Federal entities as well." Plaintiff does not name any state or federal governmental entities as defendants in this lawsuit. For that reason, Plaintiff's claim for obstruction of justice is dismissed.

## C. Spoliation of Evidence

Plaintiff brings claims for spoliation of evidence against the Oregon Humane Society, a Sheriff of Clackamas County, an Oregon State Police Officer, Ulli Neitch, a Deputy District Attorney, Christopher Heywood, and a "Tait Robinson P.S." employee. None of these

individuals are named as defendants in this lawsuit. For that reason, Plaintiff's claim for spoliation of evidence is dismissed.

**D.  Conspiracy to Interfere with Civil Rights**

Plaintiff brings claims for conspiracy to interfere with her civil rights against Joy Peirce, the Oregon State financial regulator, and Judge Wetzel (the Clackamas County judge who presided over the judicial foreclosure of Plaintiff's home) and the Vaillancourts (T and G). Joy Peirce, the Oregon state financial regulator, and Judge Wetzel are not named as defendants in this matter, and so this claim is dismissed as against them. Additionally, Plaintiff's claim of conspiracy to interfere with civil rights includes no facts supporting this claim, and fails to describe what conduct or actions on the part of the alleged wrongdoers amounts to a conspiracy. Thus, this claim is dismissed because it fails to include "sufficient allegations of underlying facts to give fair notice and to enable to opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216.

**E.  Intentional Infliction of Emotional Distress against Airplanes**

Plaintiff alleges that "airplanes" have caused her emotional distress by flying overhead. "In pleading a claim for intentional infliction of emotional distress, the plaintiff must allege facts showing that the defendant intended to cause the plaintiff severe emotional distress or knew that such distress was certain or substantially certain to result from the defendant's conduct, that the defendant did cause the plaintiff severe mental or emotional anguish and that the defendant's action was outrageous in the extreme and exceeded a reasonable limit of socially tolerable conduct." *Richer v. Poisson*, 137 Or. App. 157, 160 (1995). Plaintiff does not allege the facts necessary to make out a claim for intentional infliction of emotional distress against unknown airplanes. In addition, Plaintiff alleges that one of the planes flew overhead in 2006 and thus this claim is barred by the statute of limitations.

**F. Miscellaneous Claims**

The Court also dismisses Plaintiff's claims against the Portland School District relating to her son. The Portland School District is not a defendant in this action. The Court dismisses Plaintiff's claim for emotional damage/irreparable damages against an unknown black car that drove by her house. The  driver of that car is not named as a defendant. The Court dismisses claims for conspiracy and malicious infliction of emotional distress against Taryn and Mike Fry, who are not named as defendants. Additionally, the allegations against Taryn and Mike Fry involve them taking photos of Plaintiff's yard, which does not amount to conduct that is "outrageous in the extreme and exceed[s] a reasonable limit of socially tolerable conduct." *Id.* Plaintiff brings claims against Lori Schoen and Erik Brouwer for conspiracy. These individuals are not named as defendants in this action. Accordingly, these claims are dismissed.

**G. Claims against Vaillancourts**

Finally, Plaintiff devotes the remainder of her Second Amended Complaint, pages 7-14 to claims against the Vaillancourts, her neighbors, and many other individuals not named as defendants in this lawsuit. Any claims brought against individuals not named as defendants are dismissed. Against the Vaillancourts, Plaintiff alleges intentional infliction of emotional distress, violation of private property rights, and a claim for "harmful chemicals" stemming from allegations that the Vaillancourts sprayed chemicals on Plaintiff's blackberry bushes. Plaintiff is a resident of Oregon and her neighbors are presumably also residents of Oregon. When a case involves some claims over which a federal court has original jurisdiction and some claims over which a federal court has supplemental jurisdiction, a district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). Because Plaintiff brings state law claims against a defendant who is also a citizen of Oregon, the Court does not have original jurisdiction over Plaintiff's claims. *See* 28

U.S.C. § 1332. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against her neighbors, the Vaillancourts. Plaintiff may bring these claims in state court, which may hear cases from citizens of the same state involving state-law claims.

## CONCLUSION

The Court dismisses WITH PREJUDICE all claims against defendants HSBC and Ocwen. The Court dismisses WITHOUT PREJUDICE all claims against individuals not named as defendants in this action.[2] Defendants' Motion to Dismiss (ECF 60) is GRANTED. Additionally, the Court GRANTS Defendants HSBC and Ocwen's request for judicial notice (ECF 70). The Court DENIES Plaintiff's pending motions as moot (ECF 62, 63, 64).

The Court dismisses WITHOUT PREJUDICE Plaintiff's state-law claims against her neighbors, the Vaillancourts. If Plaintiff wishes to pursue her state-law claims against her neighbors, she must do so in state court, as federal courts have no jurisdiction over state law claims between two parties who are residents of the same state unless the Court exercises supplemental jurisdiction.

**IT IS SO ORDERED.**

DATED this 23rd day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] Additionally, it appears as though the only defendants that Plaintiff has served in this matter are HSBC and Ocwen. The Second Amended Complaint was filed on December 13, 2018. Because more than 90 days have passed and Plaintiff has not served the defendants named in this action, the court must dismiss the action without prejudice. *See* Fed. R. Civ. P. 4(m).